# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MICHAEL EDWARD SIMS,⠀⠀⠀⠀⠀)
Register No. 500566,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 05-4284-CV-C-NKL
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BOONE COUNTY, MISSOURI, et al.,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀)

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, while confined at the Boone County Jail, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's initial complaint seeks monetary relief, pursuant to 42 U.S.C. § 1983. Plaintiff has further filed numerous supplemental filings with the court. Named defendants are Boone County, Boone County Jail, Boone County Sheriff Carey, and Boone County Captain Brewer, et al. Plaintiff has made numerous allegations against defendants. Such allegations include that defendants have violated his constitutional rights by 1) issuing him a conduct violation by which he was denied jail privileges; 2) denying his emergency call button for complaints of chest pains; 3) failing to serve adequate meals at the jail; 4) denying him access to courts; 5) denying him access to a specialist doctor outside the jail; 6) charging his jail account for medical treatment received, medical prescriptions and postage stamps; 7) making threats against him and others as to the use of force via such devices as a taser gun, paintball gun and bean bag gun; and 8) defaming him by listing numerous aliases on his jail records.[1]

---

[1]Based upon the limited information provided by plaintiff, the court has determined to process plaintiff's claims against Boone County, et al., as if he were a convicted prisoner rather than pretrial detainee.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review of plaintiff's claims, plaintiff is granted leave to proceed in forma pauperis against Boone County Jail John Doe Officers who plaintiff alleges were deliberately indifferent to his medical emergency requests relating to chest pain, resulting in his collapsing and requiring four nitroglycerin pills to bring him around. The court has identified these defendants as John Doe due to plaintiff's failure to identify them by name. Generally, the use of "John Doe" defendants is not permitted in federal practice. *Iseley v. Bucks County*, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); *Rosenthal v. State of Nevada*, 514 F. Supp. 907, 914 (D. Nev. 1981); *Breslin v. City and County of Philadelphia*, 92 F.R.D. 764 (E.D. Pa. 1981); *Joel v. Various John Does*, 499 F. Supp. 791, 792 (D. Wis. 1980); *United States, ex rel. Davis v. Long's Drugs, Inc.*, 411 F. Supp. 1144, 1153 (S.D. Cal. 1976); *M.J. Brock & Sons, Inc. v. City of Davis*, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery. *See Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Productions & Leasing v. Hotel Conquistador, Inc.*, 573 F. Supp. 717 (D. Nev. 1982), *aff'd*, 709 F.2d 21 (9th Cir. 1983). Other defendants may be ordered to provide the identity of John Doe defendants or plaintiff may be permitted discovery to identify John Doe defendants. *Weiss v. Moore*, No. 92-2848, slip op. (8th Cir. Apr. 12, 1993) (unpublished) (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)).

2

Furthermore, "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention" and upon discovery of the defendant's identity, plaintiff should be permitted to amend his complaint. *Munz v. Parr*, 758 F.2d at 1257.

Although plaintiff's allegations against Boone County John Doe Officers may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Plaintiff's remaining claims in his complaint and supplemental filings should be dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's claims that he was issued a false conduct violation resulting in his assignment to administrative segregation, and that jail procedures were not followed in the issuing of such violation, fail to state a claim on which relief may be granted under 42 U.S.C. § 1983. There is no federal constitutional liberty interest in having state officers follow state law or prison (jail) officials follow prison (jail) regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")). Furthermore, plaintiff's assignment to administrative segregation fails to state a claim because such confinement does not "present a dramatic departure from the basic conditions of prison (jail) life." *Sandin v. Connor*, 515 U.S. 472,___, 115 S. Ct. 2293, 2301 (1995).

Plaintiff's allegations that he is being denied a specialist doctor from outside the jail fail to state a claim of deliberate indifference. Plaintiff's claims seeking a specialist appear to be a mere difference of opinion between plaintiff and the Boone County Jail's treating physician about what treatment is appropriate, and therefore, do not give rise to a colorable claim under section 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Courtney v. Adams*, 528 F.2d 1056 (8th Cir. 1976). A disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff's claims alleging denial of access to courts are not supported by his allegations. Plaintiff admits to being supplied four pieces of paper, two envelopes and

3

stamps, as well as a pencil, on a weekly basis by the jail. The court further notes that plaintiff has made numerous filings with this court, which indicates he is not being denied access to courts. Plaintiff's request that the court allot him $75.00 a month for legal supplies/copies is denied.

Plaintiff's allegations of defamation are not valid claims under 42 U.S.C. § 1983, *Miner v. Brackney*, 719 F.2d 954, 955-56 (8th Cir. 1983), *cert. denied*, 467 U.S. 1259 (1984); *Ellingburg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975), and therefore, should be dismissed.

Plaintiff's allegations that defendants have made threats of using a taser gun, a paintball gun, and a bean bag gun against him fail to state a claim under section 1983. Verbal insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). The only exception to this rule is when the verbal threat rises to the level of a "wanton act of cruelty" so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986). Plaintiff's allegations do not rise to the level of a threat of instant or unexpected death. The court further notes that plaintiff cannot bring claims on behalf of other inmates who plaintiff alleges have been victims of defendants' use of the taser gun.

Plaintiff's claims challenging the charge to his inmate account for medical services, prescriptions, and postage stamps received by plaintiff while in the Boone County Jail fail to state a violation of a constitutional right. Plaintiff's allegations do not provide that he is being denied medical care, and as stated above, plaintiff has failed to allege a denial of access to courts. Therefore, plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983.

Plaintiff's broad, general allegations that the Boone County Jail improperly prepares and handles the food, and that such meals are inadequate also fail to state a claim under section 1983. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate food, *Farmer v. Brennan*, 511 U.S. 825, 832 (1999), and nutrition. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). However, the Eighth Amendment is violated only when two requirements are met: (1) the deprivation alleged must be, objectively, "sufficiently

4

serious;" and (2) officials must have been deliberately indifferent to the inmates' health and safety. *Id.* at 1977. To be a sufficiently serious deprivation, the inmate must be deprived of the minimal civilized measure of life's necessities. *Id.* (citing *Rhodes v. Chapman*, 425 U.S. 337, 347 (1981)). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Thompson*, 289 F.3d at 1222 (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Robles v. Coughlin*, 725 F.2d 12, 15 (2nd Cir. 1983)). Plaintiff's broad, general claims that, based upon his many years of experience in the food service business, he believes the jail inadequately provides, prepares and handles the food for the inmates, fail to allege a substantial deprivation of food as to rise to the level of inadequate food or nutrition; rather, plaintiff's claims appear to be de minimis. Plaintiff's claims challenging his diet, while incarcerated at the Boone County Jail, fail to allege a sufficiently serious deprivation of food/nutrition as to constitute denial of the minimal civilized measures of life's necessities.

Finally, plaintiff's claims against defendants Boone County, Boone County Jail, Boone County Sheriff Carey, and Captain Brewer, appear to be based upon these defendants' supervisory roles. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990). Moreover, the Boone County Jail is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore, must be dismissed as a defendant. Therefore, plaintiff's claims against defendants Boone County Jail, Boone County, Sheriff Carey, and Capt. Brewer should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

Included in the supplemental filings with the court, plaintiff requests preliminary injunctive relief with regard to his allegations that he has been threatened by defendants as to the use of a taser gun, paintball gun, and bean bag gun. Such motion should be denied as moot because plaintiff is no longer incarcerated in the Boone County Jail, and is not subject

5

to the actions of the Boone County Jail defendants. The court notes that plaintiff is now incarcerated at the Missouri Eastern Correctional Center.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $12.76[2] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On September 23 and 26, 2005, plaintiff filed motions for copies. Such motions attempt to seek discovery from the court as to complaints filed against defendants. Such

--------

[2]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

motions are denied.  Plaintiff may seek discovery from defendants, pursuant to the Federal Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that plaintiff's motions for copies are denied [11, 12].  It is further

ORDERED that plaintiff's motions to amend are granted [4, 5, 8].  It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his medical claims.  It is further

ORDERED that within thirty days, plaintiff make an initial payment of $12.76 toward the $250.00 filing fee.  It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff.  It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant may be served.  It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process.  It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2).  It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that, pursuant to the provision of 28 U.S.C. § 1915A, plaintiff's claims against named defendants Boone County, Missouri, Boone County Jail, Sheriff Carey and Capt. Brewer and claims regarding 1) a conduct violation; 2) inadequate meals; 3) access to courts; 4) access to a medical specialist; 5) charging his jail account for medical treatment, prescriptions and postage stamps; 6) threats; and 7) defamation be dismissed for failure to state a claim.  It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied as moot [7].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of November, 2005, at Jefferson City, Missouri.


/s/_____

WILLIAM A. KNOX
United States Magistrate Judge