IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL EDWARD SIMS,           )
Register No. 500566,           )
                               )
                   Plaintiff,  )
                               )
           v.                  )   No. 05-4284-CV-C-NKL
                               )
ZAK RODGERS, et al.,           )
                               )
                   Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Michael Edward Sims, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court are the motions to dismiss filed by defendants Heidi Fussner and Zak Rodgers. Plaintiff has filed a response.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to

prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it.  A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).  When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment.  Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326.  An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.  Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

     A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983.  Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976).  Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim.  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).  Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment.  Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

     Plaintiff's allegations that defendants Fussner and Rodgers were both on duty at the time he suffered life-threatening chest pains; that they were aware of his condition, but refused to provide medical care; that their refusal to provide medical care resulted in plaintiff having to take four "nitro" pills to lower his blood pressure and stabilize his condition, and his medical condition being worsened, are sufficient to allow plaintiff to continue with his claims at this stage in the proceedings.  The court cannot determine at this point that plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

2

Case 2:05-cv-04284-NKL   Document 39   Filed 01/11/07   Page 2 of 3

It appears from defendants' responses that plaintiff has misspelled the name of defendant Rodgers.

IT IS, THEREFORE, ORDERED that Clerk of Court correct the docket sheet to reflect the following: "Zack Rogers" should be changed to "Zak Rodgers"  It is further

ORDERED that the parties are granted twelve days to notify the court of any errors in the above order.  It is further

RECOMMENDED that the motions to dismiss of defendants Fussner and Rodgers be denied [29, 30].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 11th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge